### JESSE COOPER v. MARTIN M. MILES.

Where a declaration, in an action commenced before a justice of the peace, counted upon two notes, both together less than twenty dollars in amount, and also contained a count for money had and received, for twenty dollars, and the plaintiff offered in evidence the notes alone, and, before judgment, waived and abandoned the count for money had and received, it was held that the action was not appealable.

And *it seems*, that, if the declaration had contained only the count for money had and received, and the only evidence offered in support of it had been notes of a less amount in the whole than twenty dollars, the action would not have been appealable.

ASSUMPSIT. The declaration counted upon two promissory notes, — one for $8.00, dated Dec. 29, 1838, and the other for $3.75, dated March 1, 1841. The declaration contained also a count for money had and received to the amount of twenty dollars. The action was commenced before a justice of the peace.

On the trial before the justice the plaintiff gave in evidence the notes declared on, and offered no other testimony ; after the hearing was finished, and before judgment was rendered, the plaintiff, by indorsement in writing on the original writ, waived and abandoned his count for money had and received. The justice rendered judgment for the plaintiff, and the defendant appealed.

Cooper v. Miles.

At the term when the action was entered in the county court the plaintiff filed a motion to dismiss the cause, for want of appellate jurisdiction in the court, and the court sustained the motion, and dismissed the suit; to which the defendant excepted.

*Fletcher* for defendant.

The county court erred in sustaining the motion to dismiss;—1, Because the action was appealable in the form in which it was originally brought; 2, Because the plaintiff cannot, (especially after trial,) either with or without the permission of the court, nullify one portion of his writ, so as to drive the defendant out of court, or deprive him of the right of appeal, or of any other right which he might have had at the service of the writ. The statute, [Rev. St., p. 175, § 51,] gives the right of appeal to either party, in an action on notes, and on accounts stated, exceeding $20;—this action was for $31.75.

The writ must show the jurisdiction, either by the declaration, or *ad damnum;* and when the declaration does not show the case within the exclusive jurisdiction of a justice, the *ad damnum* decides the jurisdiction. 6 Vt. 93. 4 Vt. 178, 195, 197. 1 Aik. 210. 8 Vt. 274. 10 Vt. 511. 5 Vt. 124, 126–7.

*Cooper & Redfield* for plaintiff.

1. Was this action appealable, after the abandonment of the general count? There can be no doubt as to this question, provided the court consider that a party has a right to waive and abandon a count in his declaration, when there is no evidence to sustain that count. Had this count been abandoned before trial, it might then be said that there was evidence applicable to it kept back to restrict the right of appeal; but the record shows that no evidence, or claim, was offered, applicable to the general count, and hence it stands upon the question whether the party, by his own act, can make a demand appealable, when an appeal is prohibited by the statute.

2. Was this action appealable at any time? If so, a party can always make a note of hand appealable by adding a general count, when he has no claim, or evidence, to support it. If the court adopt this doctrine, they make the character of the plaintiff's declaration

.govern the right of appeal, whereas the statute makes the demand govern. *Brush* v. *Hurlburt*, 3 Vt. 46. *Church* v. *Vanduzee*, 4 Vt. 195. *Weston* v. *Marsh*, 12 Vt. 420.

The opinion of the court was delivered by

HEBARD, J. Whether this action was appealable must depend upon a reasonable construction of the statute. The statute, in restricting appeals, provides that an appeal shall not be allowed in actions upon notes, and accounts stated, of an amount not exceeding twenty dollars. This is an action upon two notes of less than twenty dollars. There was also the common count, for money had and received, for twenty dollars. The question here presented is, whether this is an action upon note of an amount less than twenty dollars.

In the first place, the notes *might* be given in evidence under the common count. In the next place, no evidence was offered under that count. And in the third place, the plaintiff abandoned that count before judgment. The plaintiff treated this as an action upon the notes; he had a right so to treat it; and that being so, neither plaintiff nor defendant had a right to appeal. Suppose the plaintiff had not described his notes in his writ, but had simply declared for money had and received, claiming thirty dollars, and had given these notes in evidence in support of his claim, and had offered no other evidence;—in that case, if judgment had been rendered against him, would the plaintiff have been entitled to an appeal? If he would, the *form* of declaring, and not the nature and amount of the claim, would determine the right of appeal,—which we think is not the reasonable construction of the statute.

Judgment affirmed.