NORTHFIELD SAVINGS BANK *v.* J. G. SANDERS.

*Appeal.    Note.    Affidavit.    R. L., s.* 1061, *sub.* 3.

Under the statute, R. L. s. 1061, sub. III, an action of assumpsit, with the common counts declaring for $50, and a special count on a promissory note for $25, is appealable, without an affidavit of defence, where the *ad damnum* in the writ is $50.

ASSUMPSIT.   Plea, general issue.   Trial by jury, March Term, 1884, POWERS, J., presiding.   Verdict for the defendant. After the rendition of the verdict, the plaintiff filed its plea to the jurisdiction.   The court held that the plea was not sufficient, and rendered judgment on the verdict.

*Geo. M. Fisk* and *J. A. Wing,* for the plaintiff.

*Jas. N. Johnson,* for the defendant.

The opinion of the court was delivered by

Ross, J.   The only exception, now seriously insisted upon by the plaintiff, is in regard to the action of the County Court in holding the plea to the jurisdiction insufficient.   This raises the question whether the cause, as it was presented and appeared in the justice court, was appealable.   The *ad damnum* in the writ is fifty dollars.   The declaration contains the common counts in assumpsit, declaring for the same sum, and also a special count on a promissory note for twenty-five dollars.   The statute—R. L. s. 1061—in general terms gives the right of appeal from a justice judgment except in certain cases named, under three subdivisions.   The plaintiff admits that if this is an action of assumpsit on the common counts, it is appealable.   It is that, with the special count on a note added.   The common counts in assumpsit were not waived, nor in any manner eliminated from the declaration, in the justice court.   Although the plaintiff in that

court only presented a note of twenty-five dollars as the basis of recovery, he still by his declaration claimed the right to recover for the money due, as evidenced by that note on the common counts. If the special count on the note proved defective, in properly describing the note, as it appears to be in the copy furnished this court, it could only recover on the common counts. We think the action must be regarded, for the purposes of appeal, as coming under the third subdivision of sec. 1061, and properly appealed without an affidavit of defence. While the note was evidence of an indebtedness recoverable under the common counts, such counts were not counts upon the note. Other matters might also be given in evidence and recovered for under those counts, in the County Court even, though not shown before the justice of the peace.

In the appellate court the plaintiff is not necessarily confined to the same claims and specifications which he used before the justice court. By its declaration, the plaintiff summoned the defendant to a controversy which gave him the right of appeal to the County Court. He did not narrow its scope by waiving any of the counts before the justice. The plaintiff with, or without trial, obtained judgment before the justice. In the County Court the defendant on a trial before the jury, prevailed. The plaintiff now attempts to hold the justice judgment by pleading, that it only sought to recover on a note for twenty-five dollars, and for that reason the cause of action which it now presents was not appealable. To allow this contention, would open a door for an unscrupulous plaintiff to obtain an unjust advantage, by holding out before a justice a cause appealable, and having thereby obtained judgment there without trial, to hold such judgment, by showing in the appellate court that he only held, and intended to recover upon, a claim which if properly declared for, gave no right of appeal. The statute makes the declaration and *ad damnum* determinative of the right of appeal as well as the proof on trial. The proof, as well as the declaration, and *ad damnum* under the common counts, gave the defendant the right of appeal. We do not think by adding the special count

Northfield *v.* Sanders.

the right was taken away.   Even under the special count the action was appealable upon filing an affidavit of defence to the note declared for.   Whether, where it is admitted there is a defence to the note, the making of an affidavit of defence can be waived, we find no occasion to decide, as we hold that the action was appealable under the third subdivision of s. 1061 R. L. We do not regard *Cooper* v. *Miles*, 16 Vt. 642, much relied upon by the plaintiff, analogous.   In that case the plaintiff waived and abandoned in writing the count for money had and received, before judgment, by the justice of the peace.   That left the declaration upon the note alone, and precluded the plaintiff before the justice or on the appeal, from recovering for anything except the note.   The case was correctly decided upon this ground.   What is said by the learned judge, who delivered the opinion of the court, in regard to the *form* of declaring not being determinative of the right of appeal, was not involved in the decision, and has only the weight of the opinion of a learned judge on a question not before him for decision.   He even puts it as a *quære* rather than as a positive opinion.

Judgment affirmed.